MANN, Judge.
Doyle Electric Company was successful bidder for a subcontract on a Tampa project which obligated it to install conduit for the telephone system “by coordination with architectural drawings for telephone and switchboard locations.” There were, at the time of bidding, no such drawings. Doyle’s agent called the contractor’s office and was advised by Allison, an employee of Mathews Corporation, that Doyle need not allow for the telephone conduit. Prior to final award of subcontracts, Mathews held a meeting at which its acknowledged agents asked those in attendance — successful bidders on subcontracts — if there were any questions. Doyle’s agent said nothing.
When the time came for installation of the telephone conduit, Mathews furnished the plans and demanded performance by Doyle, but Doyle refused unless a change order were issued providing for additional compensation. Mathews refused to pay an amount above the contract sum, and engaged another subcontractor. Mathews withheld from Doyle $2,454, which is the sum of two items: $2,045 paid to the subcontractor which installed the telephone conduit and $409 for “overhead and supervision” by the general contractor.
 This record is adequate to support the findings of the trial court, implicit in the judgment, that Doyle was put on ample notice by the contract that it must install the telephone conduit, that Allison, Mathews’ employee, had no authority to interpret or alter the terms of the written agreement, that there was nothing unusual about the telephone system installed and that Doyle should have ascertained the extent of its obligation. There is nothing in the record which suggests that Mathews has incurred any expense for “overhead and supervision” as a consequence of a third party’s doing the work which it would not have incurred had Doyle performed. This amount was erroneously charged to Doyle.
The judgment appealed from is modified to delete the item of $409 on account of “overhead and supervision” and, as modified, affirmed.
HOBSON, Acting C. J., and McNULTY, J., concur.